IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| INFORMED CONSENT ACTION NETWORK,<br><br>Plaintiff,<br><br>v.<br><br>CENTERS FOR DISEASE CONTROL AND PREVENTION AND HEALTH AND HUMAN SERVICES,<br><br>Defendants. | Civil Action No. 1:22-cv-481-RP |

## JOINT STATUS REPORT AND PROPOSED AGREED SCHEDULING ORDER

Pursuant to Local Rule CV-16, the parties respectfully submit the following joint status report and the attached proposed agreed scheduling order.

This case involves a Freedom of Information Act ("FOIA") request that Plaintiff Informed Consent Action Network submitted to the Centers for Disease Control and Prevention ("CDC"). The request seeks all data submitted to the CDC's "V-safe" program, a smartphone-based system that uses text messaging and web-based surveys for personalized and confidential health check-ins with enrolled participants to monitor and assess for potential adverse events following a COVID-19 vaccination.[1] On May 17, 2022, Plaintiff filed this action under FOIA, 5 U.S.C. § 522, seeking to compel CDC to produce non-exempt records responsive to its FOIA request. ECF No. 1. CDC filed an answer to the complaint on June 22, 2022. ECF No. 14.

The parties have since been engaged in good-faith discussions regarding CDC's response to Plaintiff's FOIA request. As the parties have discussed, CDC is currently processing a large batch of records responsive to Plaintiff's request and expects to produce the non-exempt portions of these

---

[1] Centers for Disease Control and Prevention, *v-safe After Vaccination Health Checker* (updated Jan. 20, 2022), https://www.cdc.gov/coronavirus/2019-ncov/vaccines/safety/vsafe.html.

records on or before September 30, 2022. Specifically, by that date, CDC intends to complete processing and to post publicly on its website a public-use set of data that the agency collected from tens of millions of V-safe participants between December 14, 2020, and July 31, 2022. This public-use dataset will not include, however, data derived from fields in the V-safe questionnaires that collect personally identifiable information, including fields that request that a participant enter personally identifiable information (*e.g.*, name, phone number, date of birth) or that capture free-text responses that permit a participant to enter personally identifiable information. After CDC posts this public-use V-safe dataset, the parties have agreed to meet and confer regarding the adequacy of that production, any challenged redactions or withheld data within that production, and the outstanding portion of Plaintiff's FOIA request. The parties will then file a subsequent joint status report that proposes any additional deadlines that the parties determine are necessary for the resolution of this FOIA case.

The parties have met and conferred regarding an agreed upon schedule to propose to the Court pursuant to Local Rule CV-16. Local Rule CV-16 directs the parties in a civil case to submit a proposed scheduling order in the form prescribed by the presiding judge. The parties submit, however, that FOIA cases, like this one, generally proceed differently than most civil cases, for which this Court's form scheduling order is better suited. In particular, "FOIA cases typically and appropriately are decided on motions for summary judgment," whereby the government, bearing the burden of proof on these issues, seeks to establish with supporting affidavits that its search for responsive records was adequate and that responsive records withheld from disclosure fall under a statutory exemption. *Eakin v. U.S. Dep't of Defense*, No. 5:16-cv-00972, 2017 WL 3301733, at *3 (W.D. Tex. Aug. 2, 2017); *accord Broemer v. FBI*, No. CV 08-05515, 2010 WL 11474673, at *1–2 (C.D. Cal. May 7, 2010). Moreover, discovery in FOIA cases is rare and generally disfavored. *See, e.g.*, *Ocasio v Dep't of Justice*, 67 F. Supp. 3d 438, 440 (D.D.C. 2014); *Judicial Watch, Inc. v. Dep't of Justice*, 185 F. Supp. 2d 54, 65 (D.D.C. 2002); *Schiller v. INS*, 205 F. Supp. 2d 648, 644–54 (W.D. Tex. 2002). This Court recently issued an

alternative scheduling order in a related matter that acknowledges the unique process by which a court resolves a typical FOIA case. *See* Agreed Scheduling Order, *Informed Consent Action Network v. Ctrs. for Disease Control & Prevention*, No. 1:21-cv-1179-RP (W.D. Tex. May 11, 2022).

The parties therefore respectfully propose that the Court enter the attached agreed scheduling order that comprises alternative deadlines relevant to the resolution of this FOIA case.

Dated: August 22, 2022

SIRI & GLIMSTAD LLP

_/s/ Elizabeth A. Brehm_
Aaron Siri, NY Bar No. 4321790
Elizabeth A. Brehm, NY Bar No. 4660353 (pro hac vice)
Ursula Smith, Texas Bar No. 24120532 (pro hac vice)
200 Park Avenue
17th Floor
New York, New York 10166
Tel: (212) 532-1091
aaron@sirillp.com
ebrehm@sirillp.com
usmith@sirillp.com

*Counsel for Plaintiff*

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

MARCIA BERMAN
Assistant Director, Federal Programs Branch

_/s/ Jody D. Lowenstein_
JODY D. LOWENSTEIN
Mont. Bar No. 55816869
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Phone: (202) 598-9280
Email: jody.d.lowenstein@usdoj.gov

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

On August 22, 2022, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, Western District of Texas, using the Court's electronic case filing system. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

                                                                                           */s/ Jody D. Lowenstein*
                                                                                           JODY D. LOWENSTEIN
                                                                                           Trial Attorney
                                                                                           United States Department of Justice