## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| INFORMED CONSENT ACTION NETWORK, | |
| Plaintiff, | |
| v. | Civil Action No. 1:22-cv-481-RP |
| CENTERS FOR DISEASE CONTROL AND PREVENTION AND HEALTH AND HUMAN SERVICES, | |
| Defendants. | |

### JOINT STATUS REPORT

The parties respectfully submit the following joint status report pursuant to the Court's order of December 6, 2022.

This case involves a Freedom of Information Act ("FOIA") request that Plaintiff Informed Consent Action Network submitted to the Centers for Disease Control and Prevention ("CDC"). The request seeks all data submitted to the CDC's "v-safe" program, a smartphone-based system that uses text messaging and web-based surveys for personalized and confidential health check-ins with enrolled participants to monitor and assess for potential adverse events following a COVID-19 vaccination.[1] On May 17, 2022, Plaintiff filed this action under FOIA, 5 U.S.C. § 522, seeking to compel CDC to produce non-exempt records responsive to its FOIA request. ECF No. 1. CDC filed an answer to the complaint on June 22, 2022. ECF No. 14.

### Defendants' Statement

Since the parties' joint status report of December 5, 2022, *see* ECF No. 22, CDC has continued

---

[1] Centers for Disease Control and Prevention, *v-safe After Vaccination Health Checker* (updated Jan. 20, 2022), https://www.cdc.gov/coronavirus/2019-ncov/vaccines/safety/vsafe.html.

to process records responsive to Plaintiff's FOIA request and to produce responsive, non-exempt records. On December 7, 2022, as Defendants projected, *see id.* at 2, CDC produced the non-exempt portions of a responsive record containing thousands of v-safe participants' free-text responses to feedback-survey questions, with redactions pursuant to 5 U.S.C. § 552(b)(6) (permitting an agency to withhold information about individuals in "personnel and medical files and similar files" when the disclosure of such information "would constitute a clearly unwarranted invasion of personal privacy"). CDC intends to produce a final batch of non-exempt records comprising two additional datasets responsive to Plaintiff's FOIA request no later than January 17, 2023.[2]

Accordingly, Defendants respectfully propose that the parties file an additional joint status report on or before February 3, 2023, to provide further information regarding the status of Plaintiff's FOIA request.[3]

## Plaintiff's Statement

For efficiency, Plaintiff refers the Court to the Joint Status Reports dated November 4, 2022 (ECF No. 21) and December 5, 2022 (ECF No. 22).

Update Since Last Joint Status Report

On December 7, 2022, the agency produced a batch of records containing data from responses to a feedback-survey question. Plaintiff had not heard from the agency since that date and had received

---

[2] Contrary to what Plaintiff claims, undersigned counsel's response to Plaintiff's inquiry was as follows: "The agency will likely provide a brief description of the datasets in a letter accompanying the production. After you've had an opportunity to review, I'll be happy to try to address any questions you might have."

[3] Plaintiff largely recites the same assertions that it has made in prior joint status reports. As Defendants have repeatedly explained, *see* ECF Nos. 20 at 2–3, 21 at 9–11, a joint status report is not the place to litigate the purported "outstanding issues" on which Plaintiff opines below; rather, to the extent the parties are not able to narrow the issues in dispute, the appropriate time and place to litigate all challenged issues in a FOIA case is at summary judgment, once production is complete. Moreover, Plaintiff's allegations of "undue delay" are still completely baseless, *see* ECF No. 22 at 2 n.3, and disregard the fact that CDC intends to complete production in less than two weeks. Finally, as already explained, *see* ECF Nos. 21 at 11 n.6, 22 at 2 n.3, Plaintiff's speculative claim that "[t]he data in the[] free-text fields are unlikely to contain personally identifiable information" is simply incorrect.

no update on the outstanding issues until Defendant sent a draft Joint Status Report earlier today. As stated above, Defendant's Statement represents that it purports to produce two additional datasets in the coming weeks which will be the "final" production. When asked what the two additional datasets contain, Defendant's counsel provided no information and stated only that, "The agency will likely provide a brief description of the datasets in a letter accompanying the production."

Outstanding Issues

The remaining substantive issues are (1) the data from the free-text responses within v-safe and (2) the universe of responsive documents that exists and whether the agency has produced or plans to produce all responsive documents.

*Free-text fields*

As addressed in the November 4, 2022 Joint Status Report (ECF No. 21) and the December 5, 2022 (ECF No. 22) Joint Status Report, the CDC will not agree to produce the free-text data nor does it agree to enter into a briefing schedule to adjudicate this issue. Plaintiff's position is that the CDC is required to produce this data.

As a brief review: the CDC has represented that there are 6.8 million v-safe free-text entries, each limited to 250 characters, which contain information on the symptoms and effects experienced after Covid-19 vaccination. The data in these free-text fields are unlikely to contain personally identifiable information ("PII") and any PII may have already been shaved according to the following graphic from the CDC's internal v-safe documentation:



In that regard, Plaintiff asked the CDC to review and produce a random sample of a few hundred free-text fields, but the CDC continues to refuse to do so. The public has an acute interest in this data because, *inter alia*, the CDC has promised the public transparency regarding Covid-19 vaccines (including promising to make the v-safe data publicly accessible), it has published multiple publications and studies using v-safe data to supports its claims the product is safe, it then relied on these same studies to promote uptake of this product and to help justify mandates of this product. All the while, the CDC has claimed the vaccines are safe while the federal government has granted immunity from liability to injuries to the manufacturers, severely constraining any ability to obtain compensation for injuries as a result of a vaccine. Yet, the CDC refuses to release this data to the public.

The CDC's sole, and patently frivolous defense, is that it cannot make this critical data public because the purported volume of the entries renders the records "not reasonably segregable." This is a truly incredible position: to withhold data collected with taxpayer funds which, when truth was original, the agency declared it would make public, data that has used repeatedly to assure the public this product is safe, and data which is essential for the scientific community to assess the actual safety of this product.

*Universe of responsive documents*

As explained in the previous joint status report, on November 4, 2022, Plaintiff shared with Defendants' counsel one of CDC's v-safe documents. This document reflects that there are seven v-safe datasets, all of which are responsive to the present FOIA request: (1) Call Center; (2) Call Center Pregnancy; (3) Health-Checkin; (4) Pregnancy; (5) Race Ethnicity; (6): Registrants; and (7) Vaccinations. The agency has thus far produced four of these datasets (Health- Checkin, Race Ethnicity, Registrants, and Vaccinations) and has not yet produced three of these datasets (Call Center, Call Center Pregnancy, or Pregnancy).

This document also reflects that the last step in this flow-chart is to remove PII from these datasets. (*See* the last arrow in the flowchart labeled "**Consolidated Datasetshave, PII removed**"). On November 3, 20220, Plaintiff inquired as to whether all these v-safe datasets had been produced and/or whether all PII-stripped data has been produced. The agency did not respond. Plaintiff followed-up on November 14, 2022, November 17, 2022, and December 1, 2022 in anticipation of the previous joint status report. Until this morning, the agency has failed to provide an answer as to whether any additional v-safe data exists that has not yet been produced and whether any of that data has already been shaved of any PII. The agency has now revealed the existence of 2 additional datasets, has failed to define what they are or what data they contain, and has said only that those 2 datasets will be the final production for this FOIA request.

Thus, the agency has not identified the universe of responsive documents and has continued to avoid answering a direct question regarding the document described above despite repeated requests for an answer. At the same time, the CDC continues to seek to delay briefing because it claims it has not produced all responsive documents.

Conclusion

In sum, there has been and continues to be undue delay in the public's ability to access v-safe's free-text field data (a majority of which the CDC has had exclusive access to for over 19 months now) and the agency has taken a frivolous position to continue withholding it. The agency has delayed adjudication of this issue by stonewalling on identifying the universe of responsive documents and then slow-rolling production of those documents in a piecemeal manner, using these ongoing productions as a reason to hold up briefing on the key issue. Plaintiff's position is that a briefing schedule is necessary in order to address these issues and that, in lieu of a joint status report being submitted to the Court on February 3, 2023, the Parties submit an expedited briefing schedule to address the outstanding issues on February 3, 2023.

Dated: January 4, 2023

SIRI & GLIMSTAD LLP

   _/s/ Aaron Siri_
Aaron Siri, NY Bar No. 4321790
Elizabeth A. Brehm, NY Bar No. 4660353
(pro hac vice)
745 Fifth Avenue
Suite 500
New York, New York 10166
Tel: (212) 532-1091
aaron@sirillp.com
ebrehm@sirillp.com

_Counsel for Plaintiff_

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

MARCIA BERMAN
Assistant Director, Federal Programs Branch

_/s/ Jody D. Lowenstein_
JODY D. LOWENSTEIN
Mont. Bar No. 55816869
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Phone: (202) 598-9280
Email: jody.d.lowenstein@usdoj.gov

_Counsel for Defendants_

## **CERTIFICATE OF SERVICE**

On January 4, 2023, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, Western District of Texas, using the Court's electronic case filing system. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ Jody D. Lowenstein
JODY D. LOWENSTEIN
Trial Attorney
United States Department of Justice