IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| INFORMED CONSENT ACTION NETWORK,<br><br>    Plaintiff,<br><br>    v.<br><br>CENTERS FOR DISEASE CONTROL AND PREVENTION AND HEALTH AND HUMAN SERVICES,<br><br>    Defendants. | Civil Action No. 1:22-cv-481-RP |

## JOINT STATUS REPORT

The parties respectfully submit the following joint status report pursuant to the Court's order of January 6, 2023.

This case involves a Freedom of Information Act ("FOIA") request that Plaintiff Informed Consent Action Network submitted to the Centers for Disease Control and Prevention ("CDC"). The request seeks all data submitted to the CDC's "v-safe" program, a smartphone-based system that uses text messaging and web-based surveys for personalized and confidential health check-ins with enrolled participants to monitor and assess for potential adverse events following a COVID-19 vaccination.[1] On May 17, 2022, Plaintiff filed this action under FOIA, 5 U.S.C. § 522, seeking to compel CDC to produce non-exempt records responsive to its FOIA request. ECF No. 1. CDC filed an answer to the complaint on June 22, 2022. ECF No. 14.

### Defendants' Statement

In compliance with the Court's order of January 6, 2023, and as Defendants projected, *see* ECF

---

[1] Centers for Disease Control and Prevention, *v-safe After Vaccination Health Checker* (updated Jan. 20, 2022), https://www.cdc.gov/coronavirus/2019-ncov/vaccines/safety/vsafe.html.

No. 23, CDC completed production on January 17, 2023. Since then, the parties have discussed several issues that remain in dispute and that will need to be resolved on cross-motions for summary judgment. Specifically, Plaintiff has indicated that it intends to challenge (i) the adequacy of CDC's search and (ii) the agency's withholding (pursuant to 5 U.S.C. § 552(b)(6)) of the dataset containing 6.8 million free-text responses to the v-safe health check-in surveys. Plaintiff also indicated yesterday that it intends to challenge four withholdings (also pursuant to 5 U.S.C. § 552(b)(6)) from a record produced on December 7, 2022, but is willing to meet and confer regarding those withholdings. Defendants agree that the parties should meet and confer regarding the withholdings that Plaintiff intends to challenge with the hope of resolving Plaintiff's objections without the need for judicial review or, at a minimum, narrowing the number of withholdings that would otherwise need to be addressed through summary-judgment briefing. But given that a number of issues remain in dispute that will need to be resolved on summary judgment, Defendants will need until March 20, 2023, to finish conferring with Plaintiff and to prepare their summary-judgment motion and accompanying *Vaughn* index and declarations.

Accordingly, Defendants respectfully propose the following schedule for further proceedings in this matter:

1. By **February 17, 2023**, the parties will conclude meeting and conferring regarding whether any disputed issues can be resolved without the need for judicial review;

2. On **March 20, 2023**, Defendants will move for summary judgment;

3. On **April 19, 2023**, Plaintiff will oppose Defendants' motion for summary judgment and cross-move for summary judgment;

4. On **May 19, 2023**, Defendants will reply in support of their motion and oppose Plaintiff's cross-motion for summary judgment;

5. On **June 2, 2023**, Plaintiff will reply in support of its cross-motion for summary

judgment.

Per the Court's instructions, *see* Notice of Correction of Dec. 6, 2022, Defendants will submit a separate motion, accompanied by a proposed order, requesting that the Court adopt the schedule outlined above.

## Plaintiff's Statement

CDC made an additional production on January 17, 2023, which it considers its final production despite the fact that the agency has not produced any data from the free-text fields within v-safe. Since that date, the parties have exchanged emails concerning the documents produced to date and any potentially responsive documents not yet produced and/or being withheld by the CDC. Plaintiff has also identified a minimal number of redactions for which it seeks more information.

The briefing schedule proposed by the CDC would result in numerous months of delay before potential adjudication and start of any production of the v-safe data the American public paid for and that is critical to properly study and analyze the safety of Covid-19 vaccines. In the hope of avoiding such delay, Plaintiff was attempting to confer with the CDC about obtaining a sample of these free-text fields in order to expedite resolution regarding the free-text fields.

Plaintiff had hoped that further discussion with the CDC would make it realize the benefit, in terms of party and Court resources and transparency to the public, in providing a randomized sample of the free-text fields. That should take the CDC, quite literally, a couple hours to accomplish. With that test run, the hope was to narrow this dispute or maybe even reach agreement with the CDC. The CDC has refused.

Given that a year and a half has elapsed since Plaintiff first requested this data on June 24, 2021, more than a year has elapsed since first suing for this discrete clearly identifiable data on December 28, 2021, and what has transpired in the two actions brought by ICAN seeking the v-safe data, it is apparent that the government intends to delay releasing this data for as long as possible or

forever, despite the fact that the government mandates this product, gave those profiting from it financial immunity, and has been assuring the public of its safety by pointing to the v-safe data (which it keeps hidden from the public).

The CDC's position concerning disclosure of the date from v-safe's free-text fields is and has long been frivolous on its face. The CDC's own v-safe protocol dated October 21, 2022, makes clear it will make the free-text data public, allowing it to project to the public that it is being transparent while simultaneously litigating against just that:

> A data set with deidentified individual-level data will be created and posted twice a year to data.cdc.gov or through Freedom of Information Act (FOIA) requests. Data shared externally will go through a systematic process to remove PII and be cleared through the relevant clearance processes.

Incredibly, this language was added sometime after the April 18, 2022 version of the v-safe protocol.[2] What game is the CDC playing? Transparency delayed is transparency denied. Those needing this data to identify harms, avoid harms, and develop potential treatments lose. The American public loses. What does the CDC gain? Nothing, when viewed as servants of the people. But maybe much if viewed from its own self-interest to prevent release of data which may show that its claims of vaccine safety were not accurate. The interest of the public must come first and that requires, as demanded by FOIA, transparency. But that has not occurred and appears unlikely to occur quickly enough in this action to achieve that goal nor to meet the needs of those seeking informed consent, those seeking to identify

---

[2] Compare language in version 6 of the v-safe protocol, dated October 21, 2022: "A data set with deidentified individual-level data will be created and posted twice a year to data.cdc.gov or through Freedom of Information Act (FOIA) requests. Data shared externally will go through a systematic process to remove PII and be cleared through the relevant clearance processes." (available at https://www.cdc.gov/vaccinesafety/pdf/V-safe-Protocol-V6-508.pdf at page 12) with language in version 5 of the v-safe protocol, dated April 18, 2022: "A final data set at the end of the v-safe program with deidentified aggregate data will be made available for external data requests or through Freedom of Information Act (FOIA) requests." (available at https://www.cdc.gov/vaccinesafety/pdf/V-safe-Protocol-V5-508.pdf at page 12).

individuals with heightened risks of harm in an effort to avoid injury, or those injured by these products who need this data to help find treatments.

| | |
|---|---|
| Dated: February 3, 2023 | Respectfully submitted, |
| SIRI & GLIMSTAD LLP | BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General |
| _/s/ Aaron Siri_<br>Aaron Siri, NY Bar No. 4321790<br>Elizabeth A. Brehm, NY Bar No. 4660353<br>(pro hac vice)<br>745 Fifth Avenue<br>Suite 500<br>New York, New York 10166<br>Tel: (212) 532-1091<br>aaron@sirillp.com<br>ebrehm@sirillp.com<br><br>*Counsel for Plaintiff* | MARCIA BERMAN<br>Assistant Director, Federal Programs Branch<br><br>_/s/ Jody D. Lowenstein_<br>JODY D. LOWENSTEIN<br>Mont. Bar No. 55816869<br>Trial Attorney<br>United States Department of Justice<br>Civil Division, Federal Programs Branch<br>1100 L Street NW<br>Washington, DC 20005<br>Phone: (202) 598-9280<br>Email: jody.d.lowenstein@usdoj.gov<br><br>*Counsel for Defendants* |

## **CERTIFICATE OF SERVICE**

On February 3, 2023, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, Western District of Texas, using the Court's electronic case filing system. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

                                                */s/ Jody D. Lowenstein*
                                                JODY D. LOWENSTEIN
                                                Trial Attorney
                                                United States Department of Justice